**JASON J. MATTIOLI, ESQUIRE**
**THOMAS W. MUNLEY, ESQUIRE**
Minora, Minora, Colbassani, Krowiak, Mattioli & Munley
700 Vine Street
Scranton, PA 18510
Phone: 570-961-1616
Fax: 570-558-1110
Attorneys for Plaintiffs
Attorneys IDs: 88766/92379

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WHITE and | : | |
| LILLY WHITE, his wife. | : | |
| 128 Mt. Paul Street | : | |
| Stroudsburg, PA 18360 | : | |
| Plaintiffs, | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| TOMASZ TRYBALA | : | |
| 4441 North Redwood Drive | : | |
| Norridge, IL 60706 | : | |
| | : | |
| and | : | |
| | : | |
| J & J TRUCKING ENTERPRISES, INC. | : | |
| 5950 West 51st Street | : | |
| Chicago, IL 60638 | : | DOCKET NO: _____ |
| Defendants. | : | |

## COMPLAINT

AND NOW come the Plaintiffs, JEFFREY WHITE AND LILLY WHITE, his wife, by

and through their Counsel, Jason J. Mattioli, Esquire and Thomas W. Munley, Esquire, and files

this Complaint against the Defendants, TOMASZ TRYBALA and J & J TRUCKING

ENTERPRISES, INC.,  and is support thereof hereby complains as follows:

## I.     JURISDICTION

1.     Jurisdiction is pursuant to 28 USC Section 1332 as there is complete diversity of citizenship and the sum in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00).

## II.     PARTIES

2.     Plaintiff, JEFFREY WHITE, is a citizen of the Commonwealth of Pennsylvania and is an adult and competent individual who resides at 128 Mount Paul Street, Stroudsburg, Monroe County, Pennsylvania 18360.

3.     Plaintiff, LILLY WHITE, is a citizen of the Commonwealth of Pennsylvania and is an adult and competent individual who resides at 128 Mount Paul Street, Stroudsburg, Monroe County, Pennsylvania 18360.

4.     Defendant, TOMASZ TRYBALA, is an adult individual who currently resides at 4441 North Redwood Drive, Norridge, Cook County, Illinois 60406.  Defendant, THOMASZ TRYBALA is an interstate truck driver employed by Defendant, J & J TRUCKING ENTERPRISES, INC.  At all times mentioned herein, Defendant TOMASZ TRYBALA was acting within the course and scope of his agency or employment with Defendant, J & J TRUCKING ENTERPRISES, INC., and was the agent, ostensible agent, servant and/or employee of Defendant, J & J TRUCKING ENTERPRISES, INC.

5.     Defendant, J & J TRUCKING ENTERPRISES, INC., is an interstate carrier, licensed by the ICC to haul freight on interstate highways, which has its corporate office and principal place of business located at 5950 W 51st Street, Chicago, Cook County, Illinois 60638, and at all times mentioned herein was the principal, master and/or employer which has retained

Defendant, TOMASZ TRYBALA, to haul freight on its behalf, and in its tractor-trailer, on interstate routes.

### III. STATEMENT OF THE CLAIM

6.    On or about June 1, 2017, at approximately 6:27 p.m., the Plaintiff, JEFFREY WHITE, was operating a 2010 Hyundai Elantra, bearing Pennsylvania Registration #JSZ3926 traveling eastbound on Shaffer's School House Road in Stroud Township, Monroe County, Pennsylvania.

7.    At all times relevant to this action, Plaintiff, JEFFREY WHITE, was operating his vehicle in a lawful and prudent manner and was not at fault in any manner.

8.    At all times relevant to this action, Plaintiff, JEFFREY WHITE, suffered from controlled Type-II Diabetes and non-critical congestive heart failure that was controlled by a bypass surgery prior to the date of this incident.

9.    Additionally, at all time relevant to this action, Plaintiff, JEFFREY WHITE, had previously been diagnosed with Parkinson's disease. Plaintiff, JEFFREY WHITE exhibited very limited signs prior to this incident.

10.    At all times pertinent hereto, Shaffer's School House Road in Stroud Township, Monroe County, Pennsylvania, was a two-lane road with one lane for eastbound travel and one lane for westbound travel.

11.    At all times relevant to this action Defendant, TOMASZ TRYBALA, was the operator of a 2012 Volvo Tractor bearing Illinois Registration #P889535 and was trailing a semi-trailer bearing Oklahoma Registration #1371CK. The tractor-trailer combination operated by Defendant, TOMASZ TRYBALA was traveling northbound in the right travel lane of State

3

Route 209 at the intersection with Shaffer's School House Road in Stroud Township, Monroe County, Pennsylvania.

12. At all times pertinent hereto, State Route 209 in Stroud Township, Monroe County, Pennsylvania, at the intersection of Shaffer's School House Road was a divided highway with two northbound travel lanes and two southbound travel lanes along with left-hand turning lanes for vehicles to transition onto Shaffer's School House Road.

13. At all times pertinent hereto, the tractor-trailer operated by Defendant, TOMASZ TRYBALA was owned by Defendant, J & J TRUCKING ENTERPRISES, INC.

14. At all times pertinent hereto, the tractor-trailer operated by Defendant, TOMASZ TRYBALA and owned by Defendant, J & J TRUCKING ENTERPRISES, INC. had an approximate weight of not less than 20,000 but up to 80,000 pounds.

15. At all times pertinent hereto, the tractor-trailer operated by Defendant, TOMASZ TRYBALA and owned by Defendant, J & J TRUCKING ENTERPRISES, INC. was traveling in a negligent, reckless and careless manner and failed to maintain control of the said tractor-trailer failed to stop for a red traffic signal at the intersection of State Route 209 and Shaffer's School House Road violently striking the Plaintiff, JEFFREY WHITE's vehicle, that was traveling eastbound on Shaffer's School House Road, causing it to violently change direction and come to a rest facing north in the northbound lanes of State Route 209. The tractor-trailer then continued north in the northbound lanes, contacted a guide rail and came to rest along the northbound shoulder of State Route 209.

16. The aforementioned automobile collision and Defendant, TOMASZ TRYBALA's negligence, gross negligence, carelessness, reckless indifference and/or conscious indifference,

4

was the factual cause of Plaintiff, JEFFREY WHITE's, severe, serious, painful and permanent

injuries including, but not limited to the following:

    a.  Head contusion;

    b.  Neck pain;

    c.  Wrist pain;

    d.  Left knee pain;

    e.  An upper-arm abrasion;

    f.  Widening of the scapholunate joint space with dorsal tilting of the capitate;

    g.  Disruption of the scapholunate ligament;

    h.  Low back pain;

    i.  L2-L3 a disc bulge and mild facet arthrosis;

    j.  L3-L4 disc bulge, mild facet arthrosis causing mild to moderate bilateral foraminal narrowing;

    k.  L4-L5 hypertrophic facet arthrosis and a disc bulge causing mild to moderate right foraminal narrowing and mild left foraminal narrowing;

    l.  L5-S1 facet arthrosis, disc bulge, posterior osseous ridging, right subarticular and foraminal disc osteophyte complex causing mild to moderate right foraminal narrowing; and

    m.  Worsening of Parkinson's disease symptoms.

    17.    Each of the aforementioned disabling injuries, losses and disabilities sustained by

Plaintiff, JEFFREY WHITE, as a result of subject incident have caused and will/may cause pain

for an indefinite time into the future and continue to cause great pain, agony, and suffering, both

physical and mental.

    18.    As a direct and proximate result of the negligent, careless and recklessly

indifferent actions of Defendants, TOMASZ TRYBALA and J & J TRUCKING

ENTERPRISES, INC., Plaintiff, JEFFREY WHITE, was forced and will be forced to undergo medical treatment and testing into the future.

19.    As a further result of the aforesaid crash and injuries sustained, Plaintiff, JEFFREY WHITE, has and will forever in the future be forced to spend various and substantial sums of money for medicine and medical intervention in and about endeavoring to treat and cure his injuries, all to his financial loss and damage.

20.    As a result of the aforesaid crash and injuries sustained, Plaintiff, JEFFREY WHITE, has been unable to go about his daily routines and occupations for periods of time.

21.    As a result of aforesaid crash and injuries sustained, Plaintiff, JEFFREY WHITE, has suffered and will for an indefinite time into the future suffer physical pain, mental anguish, humiliation, embarrassment, and loss of the pleasures of everyday life.

22.    As a result of the aforesaid crash and injuries sustained, Plaintiff, JEFFREY WHITE, will/may incur financial expenses which do or may exceed amounts which he may otherwise be entitled to recover.

23.    As a direct and proximate result and/or consequence of the actions or inactions of the Defendants, TOMASZ TRYBALA and J & J TRUCKING ENTERPRISES, INC., in this case, Plaintiff, JEFFREY WHITE, has experienced the following damages and losses:

      a.    past, present and future pain and suffering;

      b.    past, present and future emotional distress and mental anguish;

      c.    past, present and future medical expenses;

      d.    past, present and future loss of life's pleasures;

      e.    past, present and future disability and disfigurement;

      f.    past, present and future loss of wages and loss of earning capacity.

24. It is anticipated that Plaintiff, JEFFREY WHITE's, current disability and medical impairment will continue permanently.

25. It is also anticipated that Plaintiff, JEFFREY WHITE, will require ongoing and future medical care and monitoring of his condition.

26. All the conditions, disabilities, medical impairments and/or injuries suffered by Plaintiff, JEFFREY WHITE, are directly related to the reckless actions of the Defendants, TOMASZ TRYBALA and J & J TRUCKING ENTERPRISES, INC.

27. The foregoing crash and all the injuries and damages set forth hereinafter sustained by Plaintiff, JEFFREY WHITE, is the direct and proximate result of the negligent, careless and reckless manner in which Defendant, TOMASZ TRYBALA, operated Defendant, J & J TRUCKING ENTERPRISES, INC.'s tractor-trailer combination as follows:

    a. failure to have the tractor-trailer under such control as to be able to stop within the assured clear distance ahead;

    b. failure to keep alert and maintain a proper watch for the presence of other motor vehicles on the roadway;

    c. failure to look before changing lanes to avoid striking Plaintiff's vehicle;

    d. failure to travel at a safe speed;

    e. failure to yield the right-of-way to Plaintiff's vehicle;

    f. failure to keep a proper watch for traffic on the roadway;

    g. failure to drive his tractor-trailer with due regard for the roadway and traffic conditions which were existing and of which he was or should have been aware;

    h. failure to keep proper and adequate control over his tractor-trailer; and

    i. driving his tractor trailer upon the roadway in a manner endangering persons and property and in a reckless manner with careless disregard to the rights and safety of others and in violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania.

## COUNT I

### NEGLIGENCE
### JEFFREY WHITE VS. TOMASZ TRYBALA

28.     Paragraphs one (1) through twenty-five (25) of the Complaint are incorporated herein by reference.

29.     Defendant, TOMASZ TRYBALA, negligently and carelessly operated the aforementioned tractor-trailer while a driver employed as an interstate hauler by Defendant, J & J TRUCKING ENTERPRISES, INC., and, in turn, caused the injuries, harm, damages and losses of the Plaintiff, JEFFREY WHITE, as described in this Complaint.

30.     On June 1, 2016, Defendant, TOMASZ TRYBALA, was causally negligent and/or careless in that he:

a.      Violently collided with the Plaintiff, JEFFREY WHITE's vehicle, causing said vehicle to be pushed by the tractor-trailer and violently change directions coming to an uncontrolled stop.

b.      failed to operate the tractor-trailer in a safe manner;

c.      lost control of the tractor-trailer he was operating as the employee for Defendant, J & J TRUCKING ENTERPRISES, INC.;

d.      operated the tractor-trailer at a speed which was too fast for conditions then and there existing;

e.      failed to bring the tractor-trailer to a stop within the assured distance ahead;

f.      failed to avoid the collision by taking evasive action to avoid striking the Plaintiff, JEFFREY WHITE;

g.      failed to remain attentive and alert at all times;

h.      failed to have the tractor-trailer under such control to avoid the violent collision referenced herein;

i.     allowed the tractor-trailer he was driving to collide and otherwise come into forcible contact with the vehicle being operated by Plaintiff, JEFFREY WHITE, in which Plaintiff, JEFFREY WHITE, was the driver.;

j.     failed to sound his horn or otherwise give warning that he was about to collide with the vehicle being operated by Plaintiff, JEFFREY WHITE;

k.     failed to turn the tractor-trailer aside or otherwise stop the tractor trailer prior to colliding with Plaintiff, JEFFREY WHITE's vehicle;

l.     negligently directed his attention away from the cars and intersection ahead of him on the roadway;

m.     operated the vehicle without sufficient regard for the rights and safety of others and in such a manner so as to endanger and injure the Plaintiff, JEFFREY WHITE;

n.     continued to operate Defendant, J & J TRUCKING ENTERPRISES, INC.'s vehicle when Defendant, TOMASZ TRYBALA knew, or should have known, that further operation of this vehicle would pose an unreasonable risk of injury and/or harm to other motorists on the roadway, including Plaintiff, JEFFREY WHITE;

o.     failure to maintain a proper and adequate lookout of the roadway, traffic control devices and traffic ahead;

p.     creating a hazardous situation by failing to control the tractor-trailer he was operating;

q.     placing all other drivers, specifically, the Plaintiff, JEFFREY WHITE, at risk as a result of the aforementioned conduct;

31.    Defendant, TOMASZ TRYBALA's, negligent and careless conduct was the factual cause of Plaintiff, JEFFREY WHITE's, severe and permanent personal injuries and damages as more fully alleged elsewhere in this Complaint.

WHEREFORE, Plaintiffs, JEFFREY WHITE and LILLY WHITE, his wife, demand judgment against Defendant, TOMASZ TRYBALA in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with all allowable costs and interest that the law, the Court and the Jury may allow.

## COUNT II

## NEGLIGENCE
### JEFFREY WHITE VS. J & J TRUCKING ENTERPRISES, INC.

32.     Paragraphs one (1) through thirty-one (31) of the Complaint are incorporated herein by reference.

33.     Defendant, J & J TRUCKING ENTERPRISES, INC., allowed Defendant, TOMASZ TRYBALA, to negligently and carelessly operate the aforementioned tractor-trailer while Defendant, TOMASZ TRYBALA was employed as an interstate hauler by Defendant, J & J TRUCKING ENTERPRISES, INC., and, in turn, caused the injuries, harm, damages and losses of the Plaintiff, JEFFREY WHITE, as described in this Complaint.

34.     On June 1, 2016, Defendant, J & J TRUCKING ENTERPRISES, INC., owned the tractor-trailer combination and was causally negligent and/or careless in that the tractor-trailer combination they own was operated by their driver/employee, Defendant, TOMASZ TRYBALA:

a.     Violently collided with the Plaintiff, JEFFREY WHITE's vehicle, causing said vehicle to be pushed by the tractor-trailer and violently change directions coming to an uncontrolled stop;

b.     Defendant's employee/driver, Defendant, TOMASZ TRYBALA, failed to operate the tractor-trailer combination in a safe manner;

c.     Defendant's employee/driver, Defendant, TOMASZ TRYBALA, lost control of the tractor-trailer;

d.     Defendant's employee/driver, Defendant, TOMASZ TRYBALA operated the tractor-trailer at a speed which was too fast for conditions then and there existing;

e.     Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to bring the tractor-trailer to a stop within the assured distance ahead;

10

f. Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to avoid the collision by taking evasive action to avoid striking the Plaintiff, JEFFREY WHITE;

g. Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to remain attentive and alert at all times;

h. Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to have the tractor-trailer under such control to avoid the violent collision referenced herein;

i. Defendant's employee/driver, Defendant, TOMASZ TRYBALA allowed the tractor-trailer he was driving to collide and otherwise come into forcible contact with the vehicle being operated by Plaintiff, JEFFREY WHITE, in which Plaintiff, JEFFREY WHITE, was the driver.;

j. Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to sound his horn or otherwise give warning that he was about to collide with the vehicle being operated by Plaintiff, JEFFREY WHITE;

k. Defendant's employee/driver, Defendant, TOMASZ TRYBALA failed to turn the tractor-trailer aside or otherwise stop the tractor trailer prior to colliding with Plaintiff, JEFFREY WHITE's vehicle;

l. Defendant's employee/driver, Defendant, TOMASZ TRYBALA negligently directed his attention away from the cars and intersection ahead of him on the roadway;

m. Defendant's employee/driver, Defendant, TOMASZ TRYBALA operated the vehicle without sufficient regard for the rights and safety of others and in such a manner so as to endanger and injure the Plaintiff, JEFFREY WHITE;

n. Defendant's employee/driver, Defendant, TOMASZ TRYBALA continued to operate Defendant, J & J TRUCKING ENTERPRISES, INC.'s vehicle when Defendant, TOMASZ TRYBALA knew, or should have known, that further operation of this vehicle would pose an unreasonable risk of injury and/or harm to other motorists on the roadway, including Plaintiff, JEFFREY WHITE;

o. Defendant's employee/driver, Defendant, TOMASZ TRYBALA's failure to maintain a proper and adequate lookout of the roadway, traffic control devices and traffic ahead;

11

p.  Defendant's employee/driver, Defendant, TOMASZ TRYBALA's creating a hazardous situation by failing to control the Defendant's tractor-trailer he was operating;

q.  Defendant's employee/driver, Defendant, TOMASZ TRYBALA placing all other drivers, specifically, the Plaintiff, JEFFREY WHITE, at risk as a result of the aforementioned conduct;

35.  Defendant, J & J TRUCKING ENTERPRISES's, negligent and careless conduct was the factual cause of Plaintiff, JEFFREY WHITE's, severe and permanent personal injuries and damages as more fully alleged elsewhere in this Complaint.

WHEREFORE, Plaintiffs, JEFFREY WHITE and LILLY WHITE, his wife, demand judgment against Defendant, J & J TRUCKING ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with all allowable costs and interest that the law, the Court and the Jury may allow.

## COUNT III

### OUTRAGEOUS, WANTON, RECKLESSNESS, GROSS INDIFFERENCE TO THE SAFTEY OF JEFFREY WHITE
### JEFFREY WHITE VS. TOMASZ TRYBALA

36.  Paragraphs one (1) through thirty-five (35) of the Complaint are incorporated herein by reference.

37.  In addition to the above referenced acts, Plaintiff, JEFFREY WHITE, alleges the following actions and/or inactions constitute a reckless and conscious indifference towards their rights and safety and the consequences of Defendant, TOMASZ TRYBALA's, actions further demonstrate outrageous, wanton, and gross indifference as follows:

a.  knowingly and deliberately operating a tractor-trailer in a reckless and endangering fashion when Defendant TOMASZ TRYBALA knew or should have known that doing so posed an increased risk of serious injury and harm to the public and to the Plaintiff;

b.  knowingly and deliberately by his conduct, as aforesaid, being consciously and recklessly indifferent to the rights and safety of the Plaintiff;

c.    knowingly and deliberately continuing to operate the tractor trailer when Defendant, TOMASZ TRYBALA knew, or should have known, that further operation of his vehicle would pose an increased risk of injury and/or harm to the public, including Plaintiff, JEFFREY WHITE;

d.    acting with a reckless disregard for the safety and well-being of the Plaintiff, JEFFREY WHITE;

e.    recklessly operating Defendant, J & J TRUCKING ENTERPRISES, INC.'S, tractor-trailer when he knew, or should have known, that he was not qualified to do so;

38.    Plaintiff, JEFFREY WHITE, alleges that the conduct of the Defendant, TOMASZ TRYBALA, as alleged above, which is adopted herein and incorporated by reference, constitutes a reckless and conscious indifference to the rights and safety of the Plaintiff, JEFFREY WHITE, and the consequences of Defendant, TOMASZ TRYBALA's, actions (as herein described) further demonstrate outrageous, wanton, and gross indifference to the rights of Plaintiff, JEFFREY WHITE; as a result, Plaintiff, JEFFREY WHITE, is entitled to an award of punitive damages from Defendant, TOMASZ TRYBALA.

39.    The aforesaid acts of Defendant, TOMASZ TRYBALA, manifest outrageous, wanton, recklessly and consciously indifferent conduct on his part and caused serious and personal injuries to Plaintiff, JEFFREY WHITE, as set forth in the preceding and proceeding paragraphs as such, and in view of Defendant, TOMASZ TRYBALA's, conduct, as aforesaid, and in light of Plaintiff, JEFFREY WHITE's, injuries, Plaintiff, JEFFREY WHITE, is entitled to an award of both compensatory damages and punitive damages against Defendant, TOMASZ TRYBALA.

WHEREFORE, Plaintiffs, JEFFREY WHITE AND LILLY WHITE, his wife, demand judgment against Defendant, TOMASZ TRYBALA, in an amount in excess of Seventy-Five

Thousand ($75,000.00) Dollars together will all allowable costs and interest, and such punitive damages that the law, the Court and the Jury may allow.

## COUNT IV

### OUTRAGEOUS, WANTON, RECKLESSNESS, GROSS INDIFFERENCE TO THE SAFTEY OF JEFFREY WHITE JEFFREY WHITE VS. J & J TRUCKING ENTERPRISES, INC.

40.     Paragraphs one (1) through thirty-nine (39) of the Complaint are incorporated herein by reference.

41.     In addition to the above referenced acts, Plaintiff, JEFFREY WHITE, alleges the following actions and/or inactions constitute a reckless and conscious indifference towards their rights and safety and the consequences of Defendant, J & J TRUCKING ENTERPRISES, INC's, actions further demonstrate outrageous, wanton, and gross indifference as follows:

a.      knowingly and deliberately allowing the operation of a tractor-trailer in a reckless and endangering fashion when Defendant allowed employee/driver, Defendant TOMASZ TRYBALA when TRYBALA, knew or should have known that doing so posed an increased risk of serious injury and harm to the public and to the Plaintiff;

b.      knowingly and deliberately allowing their employee/driver's, Defendant TOMASZ TRYBALA's conduct, as aforesaid, being consciously and recklessly indifferent to the rights and safety of the Plaintiff;

c.      knowingly and deliberately continuing to allow employee/driver Defendant, TOMASZ TRYBALA operate the tractor trailer when TRYBALA knew, or should have known, that further operation of his vehicle would pose an increased risk of injury and/or harm to the public, including Plaintiff, JEFFREY WHITE;

d.      acting with a reckless disregard for the safety and well-being of the Plaintiff, JEFFREY WHITE;

e.      recklessly allowing the operation of their tractor-trailer when Defendant knew, or should have known, that their employee/driver, Defendant TOMASZ TRYBALA, was not qualified to do so.

14

42. Plaintiff, JEFFREY WHITE, alleges that the conduct of the Defendant, J & J ENTERPRISES, INC., as alleged above, which is adopted herein and incorporated by reference, constitutes a reckless and conscious indifference to the rights and safety of the Plaintiff, JEFFREY WHITE, and the consequences of Defendant, J & J TRUCKING ENTERPRISES, INC.'s, actions (as herein described) further demonstrate outrageous, wanton, and gross indifference to the rights of Plaintiff, JEFFREY WHITE; as a result, Plaintiff, JEFFREY WHITE, is entitled to an award of punitive damages from Defendant, J & J TRUCKING ENTERPRISES, INC.

43. The aforesaid acts of Defendant, J & J TRUCKING ENTERPRISES, INC., manifest outrageous, wanton, recklessly and consciously indifferent conduct on his part and caused serious and personal injuries to Plaintiff, JEFFREY WHITE, as set forth in the preceding and proceeding paragraphs as such, and in view of Defendant, J & J TRUCKING ENTERPRISES, INC.'s, conduct, as aforesaid, and in light of Plaintiff, JEFFREY WHITE's, injuries, Plaintiff, JEFFREY WHITE, is entitled to an award of both compensatory damages and punitive damages against Defendant, J & J TRUCKING ENTERPRISES, INC.

WHEREFORE, Plaintiffs, JEFFREY WHITE AND LILLY WHITE, his wife, demand judgment against Defendant, J & J TRUCKING ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together will all allowable costs and interest, and such punitive damages that the law, the Court and the Jury may allow.

## COUNT V

### VICARIOUS LIABILITY
### JEFFREY WHITE VS. J & J TRUCKING ENTERPRISES, INC.

44.     Paragraphs one (1) through forty-three (43) of the Complaint are incorporated herein by reference.

45.     As the master, principal and/or employer of Defendant, TOMASZ TRYBALA, the interstate trucking corporation, Defendant, J & J TRUCKING ENTERPRISES, INC., is vicariously liable for all the tortious conduct of its agent, ostensible agent, servant, or employee, Defendant, TOMASZ TRYBALA, as alleged herein and is also vicariously liable for Defendant TOMASZ TRYBALA's, tortious conduct since he was hauling freight for Defendant, J & J TRUCKING ENTERPRISES, INC., on interstate highways, operating said tractor trailer under the authority of Defendant, J & J TRUCKING ENTERPRISES, INC.

46.     Defendant, J & J TRUCKING ENTERPRISES, INC. is therefore liable to the Plaintiff, JEFFREY WHITE, not only for compensatory damages for his injuries, harm, damages and losses, as alleged herein, but also for the punitive damages to be awarded which arise from the reckless conduct of Defendant, TOMASZ TRYBALA.

WHEREFORE, Plaintiffs, JEFFREY WHITE and LILLY WHITE, his wife, demand judgment against Defendant, J & J TRUCKING ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together will all allowable costs, and interest, and punitive damages that the law, the Court and the Jury may allow.

## COUNT VI

### NEGLIGENT ENTRUSTMENT
### JEFFREY WHITE VS. J & J TRUCKING ENTERPRISES, INC.

47.     The allegations contained in Paragraphs one (1) through forty-six (46) above are hereby incorporated by reference as though fully set forth at length below.

48.     At the time of the above referenced collision, Defendant, TOMASZ TRYBALA, was the permissive user and operator of the 2012 Volvo tractor bearing Illinois registration #P889535 owned by Defendant, J & J TRUCKING ENTERPRISES, INC. at the time of the crash.

49.     The violent collision from which the Plaintiff, JEFFREY WHITE, sustained serious injuries was a direct result of the negligence and carelessness of the Defendant, J & J TRUCKING ENTERPRISES, INC., in that they failed to monitor and control the safe and careful operation of their vehicle.

50.     As a direct result of Defendant, J & J TRUCKING ENTERPRISES, INC.'s, negligence, Plaintiff, JEFFREY WHITE, incurred medical expenses and other miscellaneous charges.

WHEREFORE, Plaintiffs, JEFFREY WHITE and LILLY WHITE, his wife, demand judgment in their favor and against Defendant, J & J TRUCKING ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with all allowable costs and interests that the law, the Court and the Jury may allow.

## COUNT VII

### NEGLIGENT TRAINING
### JEFFREY WHITE VS. J & J TRUCKING ENTERPRISES, INC.

51.     Paragraphs one (1) through fifty (50) of the Complaint are incorporated herein by reference as if the same were set forth fully at length.

52.     Defendant, J & J TRUCKING ENTERPRISE, INC., as noted previously within this Complaint, owed a duty of care to Plaintiff, JEFFREY WHITE.  Said Defendant breached their duty of care by negligently training, instructing and educating their employees on the safety and the duty of care owed to citizens and the motoring public on the roadways.

53.     On the day of the violent collision in question, all employees, agents, workmen, and servants were hired and trained through Defendant, J & J TRUCKING ENTERPRISE, INC.

54.     The careless, negligent and indifferent conduct on the part of J & J TRUCKING ENTERPRISE, INC., included, but is not limited to the following:

    a.     failure to provide adequate and appropriate supervision and appropriate assistance devices to prevent collisions and crashes;

    b.     failure of Defendant to provide an environment that was free of accident hazards over which Defendant had control to provide appropriate training to employees when operating their motor vehicles to prevent collisions and injuries to persons, including but not limited to the Plaintiff;

    c.     failure of Defendant to identify and evaluate the hazards and risks of Plaintiff, JEFFREY WHITE, related to collisions and crashes, and implement interventions including adequate supervision and appropriate assistive devices to reduce those hazards and ricks;

    d.     failure to coordinate training programs to improve employee skills and to enhance employee performance;

    e.     acting in a grossly negligent manner, with reckless indifference to the rights and safety of the motor vehicle and persons, including but not limited to, the Plaintiff;

18

    f.      failure of Defendant to develop, implement and/or enforce policies and procedures for review and revision of said employee's responses to traffic scenarios on roadways;

    g.      failure of Defendant to develop, implement and/or enforce policies and procedures for monitoring and evaluating their employees responses to traffic scenarios on roadways;

    h.      failure of Defendant to develop, implement and/or enforce policies and procedures including screening, training, prevention, identification, investigation, protection and reporting misuse, neglect and harm of the vehicle speeds and vehicle control while in highway traffic; and

    i.      failure of Defendant to develop, implement and/or enforce policies and procedures for the drivers to monitor their vehicles for hazardous scenarios that may arise for motor vehicles and persons, including but not limited to, the Plaintiff.

55.    Based upon the aforementioned negligent acts by Defendant, J & J TRUCKING ENTERPRISE, INC.'s, employees and/or staff, caused Plaintiff, JEFFREY WHITE, to sustain severe and life-threatening injuries as listed within this Complaint.

56.    WHEREFORE, Plaintiff, JEFFREY WHITE, demands judgment in his favor and against Defendant, J & J TRUCKING ENTERPRISE, INC., INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars with all allowable costs, and interest, and punitive damages that the law, the Court and the Jury may allow.

## COUNT VIII

### NEGLIGENT HIRING, SUPERVISION AND RETENTION
### JEFFREY WHITE vs. J & J TRUCKING ENTERPRISE, INC. INC

57.    Paragraphs one (1) through fifty-six (56) of the Complaint are incorporated herein by reference.

58.    Defendant, J & J TRUCKING ENTERPRISE, INC. failed to take corrective measures and/or failed to hire qualified staff members to accommodate the needs of the

aforementioned roadways for the safety of the persons traveling within the vicinity by bicycle, including but not limited to, the Plaintiff.

59.     Defendant, J & J TRUCKING ENTERPRISE, INC., knowingly placed the safety of Plaintiff, JEFFREY WHITE, at risk, by failing to hire adequate staff and in turn, had a primary goal of maximizing profits over maximizing the knowledge and talent of employers operating their motor vehicles on the roadway, causing harm to anyone in the vicinity of an operating box truck including but not limited to the Plaintiff.

60.     For the reasons set forth above, Defendant, J & J TRUCKING ENTERPRISE, INC.'S, was negligent, careless, and reckless in hiring, supervising, and selecting their employees, all or some of whom were incompetent and/or unskilled to perform essential functions of providing adequate safety to surrounding motor vehicles and persons, including but not limited to, the Plaintiff while on roadways.

61.     The negligent, careless, and reckless acts of Defendant, J & J TRUCKING ENTERPRISE, INC.'S, includes but is not limited to the following:

      a.     hiring incompetent or unskilled employees, contractors, agents and drivers;

      b.     hiring employees, contractors, agents, and drivers who did not have adequate and appropriate knowledge of driving protocol and procedures;

      c.     failing to supervise their employees, contractors, agents and drivers;

      d.     failing to train their employees, contractors, agents and drivers;

      e.     negligently retaining incompetent or unskilled employees, contractors, agents and drivers; and

      f.     failing to ensure that their employees, contractors, agents, and drivers who were employed by Defendant, had adequate and appropriate knowledge of proper hauling freight protocol and procedures, including but not limited to, traffic control signals, devices, markings, etc., to keep the motor vehicles and person, including but not limited to, the Plaintiff, safe.

WHEREFORE, Plaintiff, JEFFREY WHITE, demands judgment in his favor and against Defendant, J & J TRUCKING ENTERPRISE, INC., INC., in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars with all allowable costs, and interest, and punitive damages that the law, the Court and the Jury may allow

## COUNT IX

### LOSS OF CONSORTIUM
### LILLY WHITE V. TOMASZ TRYBALA

62.     Paragraphs one (1) through sixty-one (61) of the Complaint are incorporated herein by reference as if same was set forth in full.

63.     As a result of the aforementioned injuries sustained by, Plaintiff, JEFFREY WHITE, Plaintiff, LILLY WHITE, has been and may in the future be deprived of the care, companionship, consortium, and society of her husband, all of which will be to his great detriment, and claim is made, therefore.

WHEREFORE, Plaintiff, LILLY WHITE, demands judgment in her favor and against Defendant, TOMASZ TRYBALA, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together will all allowable costs of suit.

## COUNT X

### LOSS OF CONSORTIUM
### LILLY WHITE V. J & J TRUCKING ENTERPRISES, INC.

64.     Paragraphs one (1) through sixty-three (63) of the Complaint are incorporated herein by reference as if same was set forth in full.

65.     As a result of the aforementioned injuries sustained by, Plaintiff, JEFFREY WHITE, Plaintiff, LILLY WHITE, has been and may in the future be deprived of the care,

companionship, consortium, and society of her husband, all of which will be to his great detriment, and claim is made, therefore.

WHEREFORE, Plaintiff, LILLY WHITE, demands judgment in her favor and against Defendant, J & J TRUCKING ENTERPRISES, INC., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together will all allowable costs of suit.

<div style="margin-left: 40%;">

MINORA, MINORA, COLBASSANI,
KROWIAK, MATTIOLI & MUNLEY

_____

JASON J. MATTIOLI, ESQUIRE
Attorney for Plaintiffs
Attorney ID #88766

_____

THOMAS W. MUNLEY, ESQUIRE
Attorney for Plaintiffs
Attorney ID #92379
700 Vine Street
Scranton, PA 18510
(570) 961-1616
(570) 558-1110 – Fax

</div>