# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY WHITE AND LILLY WHITE, | : | No. 3:19cv14 |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| TOMASZ TRYBALA and J & J | : | |
| TRUCKING ENTERPRISES, INC., | : | |
| Defendants | : | |

## **MEMORANDUM**

Before the court for disposition is a partial motion to dismiss plaintiffs' complaint filed by Defendants Tomasz Trybala and J & J Trucking Enterprises, Inc., in this personal injury action. The parties have briefed the pending motion, and it is ripe for disposition.

## Background

On June 1, 2017, Plaintiff Jeffrey White drove his Hyundai Elantra vehicle eastbound on Shaffer's School House Road in Stroud Township, Monroe County, Pennsylvania. (Doc. 1, Compl. ¶ 6). At the same time, Defendant Tomasz Trybala drove a Volvo Tractor, which was trailing a semi-trailer, northbound on State Route 209. (Id. ¶ 11). Defendant J & J Trucking Enterprises, Inc. owned the tractor-trailer operated by Defendant Trybala. (Id. ¶ 14). Defendant J & J Trucking employed Defendant as an interstate truck driver. (Id. ¶ 4).

The plaintiffs allege that as Defendant Trybala approached the intersection of State Route 209 and Shaffer's School House Road, Defendant Trybala failed to stop for a red traffic signal. (Id. ¶ 15). The defendant's tractor-trailer subsequently collided with the plaintiff's vehicle. (Id.) As a result, Plaintiff Jeffrey White alleges to have suffered serious and severe injuries. Plaintiff Lilly White alleges loss of consortium, care, companionship, and society of her husband Jeffrey White due to his serious injuries. (Id. ¶ 63).

On January 4, 2019, the plaintiffs filed a ten-count complaint in the Middle District of Pennsylvania against Tomasz Trybala and J & J Trucking Enterprises, Inc., alleging negligence, "outrageous, wanton, recklessness, gross indifference to the safety (sic) of Jeffrey White," vicarious liability, negligent entrustment, negligent training, negligent hiring, supervision and retention, and loss of consortium. (Doc. 1). On January 25, 2019, the defendants filed the instant motion to partially dismiss plaintiffs' complaint for failure to state a claim. (Doc. 5). The plaintiffs responded on March 18, 2019, (Doc. 11), bringing this case to its present posture.

**Jurisdiction**

This case is before us based upon diversity of citizenship. 28 U.S.C. § 1332(a). Cases are properly brought in federal district court under the diversity statute when the action involves citizens of different states and an amount in

controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a). Instantly, complete diversity exists and the amount in controversy exceeds $75,000. As a federal court sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Legal Standard**

The defendants filed their motion to dismiss plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to

3

the next stage of litigation." Id. at 234–35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

**Discussion**

The defendants move to dismiss Counts III and IV of Plaintiff's complaint, which each state a claim for "Outrageous, Wanton, Recklessness, Gross Indifference to the Saftey (sic) of Jeffrey White" against Defendant Trybala and Defendant J & J Trucking.  The defendants also move to dismiss plaintiff's allegations of reckless conduct, recklessness, gross negligence, reckless

4

indifference, wanton conduct, and outrageous conduct, as well as plaintiffs' request for punitive damages.  We will begin with defendants' motion to dismiss Counts III and IV.

**I.    Counts III and IV**

As noted above, the defendants move to dismiss Counts III and IV of plaintiffs' complaint, which assert one count against each defendant entitled "Outrageous, Wanton, Reckless, Gross Indifference to the Saftey (sic) of Jeffrey White." (Doc. 1, Compl. at 12-15).  The defendants contend that Pennsylvania law does not support an independent cause of action for such a claim.  The defendants argue that instead, such a claim falls within a negligence cause of action, which the plaintiffs have already asserted elsewhere in the complaint.  The plaintiffs agree that Pennsylvania law does not support a cause of action for such a claim but argue that it is too early in the proceedings to dismiss these claims.

Under Pennsylvania law there is indeed no distinction among varying degrees of negligence. Fialkowski v. Greenwich Home for Children, Inc., 921 F.2d 459 (3d Cir. 1990).  Pennsylvania courts have long held that allegations of recklessness and similar allegations of the degrees of negligence as asserted by the plaintiffs do not give rise to a separate tort claim under Pennsylvania law. See Archibald v. Kemble, 971 A.2d 513 (Pa. Super. Ct. 2009). Because the

plaintiffs have already raised negligence claims in Counts I and II of their complaint, the defendants' motion to dismiss Counts III and IV will be granted to the extent those counts state separate causes of action for outrageous conduct, wanton conduct, recklessness, reckless indifference, or gross negligence.

**II.     Allegations of reckless conduct, recklessness, gross negligence, reckless indifference, wanton conduct, and outrageous conduct.**

Next, the defendants move to dismiss plaintiffs' allegations of reckless conduct, recklessness, gross negligence, reckless indifference, wanton conduct, and outrageous conduct. The defendants contend that because the allegations fail to support these assertions of the higher degrees of culpability, these allegations should be dismissed. We disagree.

As previously stated, in order to survive a motion to dismiss for failure to state a claim, the plaintiffs must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint. Phillips, 515 F.3d at 234. Allegations must be viewed as true and in the light most favorable to the non-moving party to determine whether the plaintiff may be entitled to relief. Colburn, 838 F.2d at 665–66. To determine whether the plaintiffs have met their burden in this case, we review the applicable Pennsylvania law.

Pennsylvania courts define gross negligence as "a form of negligence where the facts support substantially more than ordinary carelessness, inadvertence, laxity, or indifference." Albright v. Abington Memorial Hospital, 696 A.2d 1159, 1164 (Pa. 1997). The behavior of the defendant must be flagrant—grossly deviating from the ordinary standard of care. Id.

As for recklessness, a defendant acts recklessly[1] when "his conduct creates an unreasonable risk of physical harm to another [and] such risk is substantially greater than that which is necessary to make his conduct negligent." Phillips v. Cricket Lighters, 883 A.2d 439, 445 (Pa. 2005). An actor's conduct is in reckless disregard of the safety of another if "he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." Restatement (Second) of Torts § 500 (1965).

At this stage, viewing the allegations in the light most favorable to the plaintiffs, we find that the plaintiffs have alleged "enough facts to raise a

---

[1] The terms "malicious," "wanton," "reckless," and "willfull" are used interchangeably by the Supreme Court of Pennsylvania to warrant the recovery of punitive damages. See Moran v. G. & W.H. Corson, Inc., 586 A.2d 416, 423 (Pa. Super. Ct. 1991).

7

reasonable expectation that discovery will reveal evidence of" reckless conduct, recklessness, gross negligence, reckless indifference, wanton conduct, and outrageous conduct. Phillips, 515 at 234 (quoting Twombly, 550 U.S. at 556). The plaintiffs have alleged that Defendant Tomasz failed to stop for a red traffic signal at the intersection of State Route 209 and Shaffer's School House Road. (Doc. 1, Compl. ¶ 15). According to the plaintiffs, the Defendant Tomasz was driving a tractor-trailer, owned by Defendant J & J Trucking, in an endangering fashion when Defendant Tomasz violently struck Plaintiff Jerry White's vehicle, causing it to change direction on the state road. (Id. ¶ 15, 37).

As such, although we will dismiss Counts III and IV to the extent those counts state separate causes of action for outrageous conduct, wanton conduct, recklessness, reckless indifference, or gross negligence, we will deny the defendants' motion to dismiss the allegations of such conduct.

### III. Punitive Damages

Finally, the defendants move to dismiss the plaintiffs' punitive damages claim the basis that the plaintiffs have failed to allege specific facts that demonstrate that punitive damages would be warranted.

Pennsylvania law provides that punitive damages may be awarded in cases where the defendant has engaged conduct that is outrageous because of the defendant's evil motive or reckless indifference to the rights of others. Rizzo

v. Haines, 555 A.2d 58, 69 (Pa. 1989). The Supreme Court of Pennsylvania has explained the punitive damages standard as follows:

> The standard governing the award of punitive damages in Pennsylvania is settled. "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Feld v. Merriam, 506 Pa. 383, 485 A.2d 742, 747 (1984) (quoting Restatement (Second) of Torts § 908(2) (1979)); see also Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (1963). As the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct. See SHV Coal, Inc. v. Continental Grain Co., 526 Pa. 489, 587 A.2d 702, 704 (1991); Feld, 485 A.2d at 747–48; Chambers, 192 A.2d at 358. See also Restatement (Second) of Torts § 908, comment b. The purpose of punitive damages is to punish a tortfeasor for outrageous conduct and to deter him or others like him from similar conduct. Kirkbride v. Lisbon Contractors, Inc., 521 Pa. 97, 555 A.2d 800, 803 (1989); Restatement (Second) of Torts § 908(1) ("Punitive damages are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct and to deter him and others like him from similar conduct in the future."). Additionally, this Court has stressed that, when assessing the propriety of the imposition of punitive damages, "[t]he state of mind of the actor is vital. The act, or the failure to act, must be intentional, reckless or malicious." See Feld, 485 A.2d at 748; see also Martin v. Johns–Manville Corp., 508 Pa. 154, 494 A.2d 1088, 1097 n. 12 (1985) (plurality opinion).

Hutchinson ex rel. Hutchinson v. Luddy, 870 A.2d 766, 770–71 (Pa.2005) (footnote omitted).

At this stage in the litigation, in light of the previously mentioned allegations contained within plaintiff's complaint, we find that the plaintiffs have pled sufficient facts to withstand a motion to dismiss their request for punitive damages.

**Conclusion**

For the foregoing reasons, Counts III and IV of plaintiffs' complaint will be dismissed to the extent that those counts allege separate and independent causes of action for outrageous, wanton, reckless, or gross indifference to the safety of the plaintiff. The defendants' motion to dismiss the allegations, however, of reckless conduct, recklessness, gross negligence, reckless indifference, wanton conduct, and outrageous conduct, as well as the plaintiffs' request for punitive damages, will be denied. The plaintiffs will be afforded an opportunity to amend their complaint to clearly plead the remaining claims.

BY THE COURT:

Date: May 15, 2019

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Judge**